IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
  PELVIC REPAIR SYSTEM
    PRODUCTS LIABILITY LITIGATION                           MDL 2327

---

THIS DOCUMENT RELATES TO:

*Garvin v. Ethicon, Inc., et al.*                Civil Action No. 2:14-cv-10595


## MEMORANDUM OPINION & ORDER

Before the court is the Motion to Dismiss Without Prejudice, filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, the "Defendants") on May 21, 2018 ("Motion to Dismiss") [ECF No. 13]. The plaintiff did not file a Response and the motion is ripe for review.

In the motion, the Defendants assert that the disputed product in this case is beyond the scope of this MDL and, as a result, dismissal is warranted under Rule 12(c). As the parties are well aware, this case resides in one of several MDLs assigned to me by the Judicial Panel on Multidistrict Litigation ("JPML") concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In its Transfer Order, the JPML described the civil actions comprising the 2327 MDL as cases "involving allegations of defects in various models of pelvic surgical mesh products manufactured by three groups of manufacturers," such as the

Defendants – to this court for coordinated pretrial proceedings. *See In re: Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359, 1360 (J.P.M.L. 2012).

On one hand, the court agrees with the Defendants that the disputed product giving rise to this civil action, a mesh product identified by the plaintiff as "Gynecare Intergel," does not belong in this MDL. However, the court is not convinced that dismissal under Rule 12(c) is appropriate. *See Priority Auto Grp., Inc. v. Ford Motor Co.*, 757 F.3d 137, 139 (4th Cir. 2014) ("The standard for Rule 12(c) motions is the same as applied to Rule 12(b)(6) motions, which should only be granted if, 'accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'").

The Defendants' basis for judgment on the pleadings is rather simple. Because the Master Long Form Complaint assumes only allegations related to female pelvic mesh, and because the Short Form Complaint filed by the plaintiff alleges injuries arising from the implementation of a hernia mesh product, the Defendants argue that the plaintiff's complaint is insufficient as a matter of law. I disagree.

A complaint is sufficient if it plausibly articulates grounds for relief beyond the speculative level. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). To enter judgment on the grounds articulated by the Defendants would subvert this well-settled standard into investigating whether a person is entitled to participate, rather than whether they

are entitled to relief. In other words, whether a case belongs in a particular MDL is not decisive on whether the plaintiff alleges a cognizable claim, regardless of the internal procedures adopted by the MDL court. As such, relief under Rule 12(c) is not appropriate.

The court therefore **FINDS** it appropriate to transfer this case to a district court of proper venue.[1] *See* Pretrial Order # 280 as amended by Pretrial Order # 303 (stating that upon the completion of all pretrial proceedings applicable to case appropriately consolidated in this MDL, "pursuant to 28 U.S.C. § 1404(a), [the court] will transfer each case filed directly in the Southern District to a federal district court of proper venue as defined in 28 U.S.C. § 1391, based on the recommendations of the parties to that case") [ECF Nos. 9, 17]. As a reminder, the court directed the parties to submit a Joint Venue Recommendation by **September 3, 2018**.

For the reasons stated above, the court **ORDERS** that the Motion to Dismiss [ECF No. 13] is **DENIED**. Venue not appropriate, the court further **ORDERS** that the Defendant's Motion to Dismiss [ECF No. 18] and the Motion for Protective Order [ECF No. 20] are **DENIED as moot**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 17, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] "This court shall not be deemed to be the 'transferor court' simply by virtue of the action having been directly filed into MDL No. 2327. The direct filing of actions in MDL No. 2327 in the Southern District of West Virginia is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407 and, *the parties submit to this court's personal jurisdiction and venue in the Southern District for those purposes only.*" *Id.* (emphasis added).